UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
Greenbelt Division

------------------------------------------------------------X
In re:                                              :     Chapter 13
                                                    :
Marcelo P.L. Dessin                                 :     Case No.  25−10596 LSS
Donna M Coleman                                     :
      **Debtors.**                                    :
                                                    :
------------------------------------------------------------X

## DEBTORS' RESPONSE TO TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTIONS

NOW COME Marcelo P.L. Dessin and Donna M Coleman, debtors (the "Debtors"), through counsel, and respond as follows to the Trustee's Objection to the Debtors' claim of exemptions.[1]

    The Trustee's entire argument is: "The Debtor seeks to exempt two "homestead" exemptions in their residence in Ashton, Maryland. However, the homestead exemption is specifically limited to one homestead exemption in a joint husband and wife bankruptcy case. Md. Cts. & Jud. Proc. Code Ann. § 11-504(f)(3). The Debtors cannot claim two homestead exemption in the property."

    While it is true that the statute purports to limit debtors to only one homestead exemption, that limitation is pre-empted by the Bankruptcy Code under long-standing 4th Circuit case law. *Cheeseman v. Nachman*, 656 F. 2d 60 (4th Cir. 1981) held that § 522(m) "permits each debtor in a joint case to exempt property from his estate."

---

[1] As the claims presently stand, exemptions are moot because the mortgage plus the IRS secured claim as filed exceed the value of the homestead property.  Debtors, however, intend to object in part to the IRS claim and are gathering the necessary information to do so.  The exemption was claimed as a protective measure in the event that the reduction in the IRS secured claim leaves equity in the property.  It may make sense for the Court to defer ruling on the Trustee's objection to exemptions unless and until it matters to the liquidation analysis/best interests test in this case.

Congress recognized a federal interest in ensuring that a debtor going through bankruptcy retain sufficient possessions to begin anew — to have a fresh start. [H.R.Rep.No.595, 95th Cong., 1st Sess. 126 (1977), reprinted in [1978] U.S. Code Cong. & Ad.News 5963, 6087]. Thus, federal exemptions became part of the Act, but state exemptions were also retained, so that exemption levels could be set at a level commensurate with the standard of living in various parts of the country. In retaining the state exemption, Congress noted:

> Recognizing ... the circumstances do vary in different parts of the country, the bill permits the States to set exemption *levels* appropriate to the locale, and allows debtors to choose between the State exemptions and the Federal exemptions provided in the bill. Thus, the bill continues to recognize the States' interest in regulating credit within the States, but enunciates a bankruptcy policy favoring a fresh start.
> *Id*. (footnotes omitted[in the original]) (emphasis added [by the 4th Circuit]).

Congress also emphasized that, in a joint case, "each debtor is entitled to the Federal exemptions provided under this section or to the State exemptions, whichever the debtor chooses." Id. at 363, reprinted in [1978] U.S.Code Cong. & Ad.News 6319 (emphasis added).

It does not follow, however, that the states should be left free to classify which bankrupt debtors should be entitled to exemptions when the classification conflicts with federal law. If we were to permit a construction of Virginia law that allows only one householder per residence, the construction would be inconsistent with section 522(m) of the Act, which we interpret as allowing each debtor in a joint case to take some exemptions, whether the amount is determined by state or federal law

Simply put, under *Cheeseman,* while a state can set exemption *levels*, it cannot prevent both debtors in a joint case from claiming a particular exemption.  See also In re Davis, 16 BR 62 (Bankr. D. Md. 1981) (invalidating limitation on claiming prior version of homestead exemption).   The limitation preventing both spouses from claiming the homestead exemption is preempted by § 522(m) and thus does not apply in a bankruptcy case.

WHEREFORE, Debtors respectfully request that the Court overrule the Trustee's objection to their claim of exemptions.

Dated: March 19, 2025.

Respectfully submitted,

 /s/ Daniel M. Press
Daniel M. Press, #07300
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
(703) 734-0590 fax
dpress@chung-press.com

## CERTIFICATE OF SERVICE

This is to certify that on this 19th day of March, 2025, I caused the foregoing document to be served on the Trustee by CM/ECF:

Timothy P. Branigan cmecf@chapter13maryland.com

 /s/ Daniel M. Press
Daniel M. Press